IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DR. ABRAHAM SCHEER, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>BEEBE HEALTHCARE; BEEBE MEDICAL GROUP; MARY FRANCES SUTER, individually; DR. ROBERT GULAB, individually; DR. JEFFREY HAWTOF, individually; LYNNE VOSKAMP, individually; DR. DAVID A. TAM, individually; and RICK SCHAFFNER, individually;<br><br>Defendants. | Civil Action No. 21-1565-CFC |

## **MEMORANDUM ORDER**

*Pro se* Plaintiff Abraham Scheer has sued Defendants Beebe Healthcare, Beebe Medical Group, Mary Francis Suter, Bobby Gulab, Jeffrey Hawtof, Lynne Voskamp, David Tam, and Rick Schaffner. D.I. 1. Pending before me is Defendants' Motion for Summary Judgment. D.I. 54. Defendants have also moved to strike Plaintiff's response to the motion for summary judgment. D.I. 66.

The Scheduling Order requires that "[a]ny motion for summary judgment . . . be accompanied by a separate concise statement detailing each

material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the Court's determination of the summary judgment motion." D.I. 19 at 7. In their concise statement of material undisputed facts filed in support of their motion, Defendants state that "[g]iven Beebe's decision to terminate its Neurohospitalist Program, the employment of the three neurohospitalists – Drs. Scheer, Kofahi, and Katz – was naturally discontinued as well." D.I. 56 at 24 (citing, *e.g.*, D.I. 55-3 at 18; D.I. 55-5 at 26). Plaintiff denies this statement and says that "Dr. Kofahi, who was a younger 47[-]year[-]old physician, did continue his employment with Beebe and was promoted to the position of Director of Neurology/Stroke Services that had been vacated by Dr. Scheer's unlawful termination." D.I. 62 at 78. Plaintiff cites record evidence (i.e., deposition testimony) that appears to support his statement in his affidavit that "Dr. Kofahi (age 47) was immediately 're-hired' to replace me," along with another younger neurologist. D.I 64 at 4, 9–10, 12; *see* D.I. 64-2 at 4–9; D.I. 64-7 at 38–42.

Defendants state in their concise statement of material undisputed facts that "[t]he quality metrics of the [stroke] program were concerning" at Beebe and that "Dr. Scheer was not following through on his responsibility to orient new Beebe physicians to the stroke program." D.I. 56 at 26 (citing D.I. 55-10 at 8; D.I. 55-9 at

2

29). Plaintiff denies these statements, D.I. 62 at 81–82; and cites record evidence that appears to contradict the statements, *see* D.I. 64-4 at 12 (statement of Beebe Healthcare CEO Dr. Tam in news article that Beebe's receipt of three Quality Achievement Awards from the American Heart Association/American Stroke Association "demonstrate that when minutes count, as is the case with heart attack and stroke, Team Beebe exceeds expectations"); D.I. 64 at 19–20 (Plaintiff's averments in affidavit that "[m]y department's performance was consistently exemplary and was repeatedly recognized as such by Beebe," "I was at all times capable of performing - and did perform - all of the essential functions of my job," and "[a]t NO time did Beebe ever claim I was not fulfilling my essential functions.").

Because there are disputed facts that Defendants have said are material to their motion, I will deny the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that summary judgment will not lie if there is a genuine dispute about a material fact).

I will also deny Defendants' motion to strike Plaintiff's response to summary judgment motion. D.I. 66. Defendants argue that Plaintiff's summary judgment response exceeds the Court-ordered word limit and improperly attaches exhibits to both the affidavit and the concise statement of facts. D.I. 66 at 3–4.

Plaintiff, however, is proceeding *pro se*, and *pro se* filings are held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, I granted Defendants' motion to enlarge the word count for their concise statement of facts. D.I. 53; D.I. 59. I will therefore not strike Plaintiff's filing for exceeding the word limit in this instance. Going forward, however, Plaintiff should expect that any filing that fails to comply with Court Orders will be struck.

    NOW THEREFORE, at Wilmington on this Twenty-second day of August in 2025, Defendants' Motion for Summary Judgment (D.I. 54) and Motion to Strike Plaintiff's Response to Summary Judgment Motion (D.I. 66) are **DENIED**.

_____
CHIEF JUDGE